FILED '07 OCT 09 16:12 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRENT STEVEN SHERMAN, SR.,

        Petitioner,        Civ. No. 07-6186-PA

  v.

WILLIAM BROWN, JR.,        **ORDER**
et al.,

        Respondents.

**PANNER, J.**

Brent Sherman, Sr. brings this amended petition pro se for habeas relief under 28 U.S.C. § 2241 against respondents William Brown, Jr., and Arinda Phillips, who work in the Seattle, Washington Community Corrections Office for the federal Bureau of Prisons, and against Robert Hickok, who works in the Lane County Community Corrections Center.

I dismiss the amended petition without prejudice.

/ / / /

/ / / /

1 - ORDER

## BACKGROUND

Petitioner is on parole after serving time in prison for bank robbery and failure to appear. See Sherman v. U.S. Parole Comm'n, ___ F.3d ___, 2007 WL 2473150, at *1 (9th Cir. Sept. 4, 2007) (describing petitioner's criminal history and Parole Commission rulings).

Petitioner bases his petition on the possibility that respondents will require that he receive sex offender assessment or treatment. As an exhibit to the petition, petitioner submits a copy of a Bureau of Prisons form regarding petitioner's pre-release placement. Among other items, there is a handwritten "Yes" next to the line stating "Needs Sex Offender Assessment/Treatment."

Petitioner sent respondents a letter arguing that there was no basis for requiring sex offender assessment or treatment. Petitioner submitted documents showing that although he had been arrested in 2000 because of a complaint of sexual assault, no criminal charges were brought against him based on that complaint, and the Parole Commission did not consider the complaint after the alleged victim repeatedly failed to appear at parole hearings. Petitioner states that after he sent the letter and supporting documents, respondents "suspended . . . for further investigation" the requirement that he undergo "sex offender assessment/treatment." Am. Pet. at 6-7. Petitioner

states that he has not received any further response regarding the requirement.

## DISCUSSION

According to the amended petition itself, petitioner is not currently required to receive sex offender assessment or treatment. Respondents suspended the requirement, and there is no indication that it will ever be imposed on petitioner. Because petitioner's claims are based on a contingent event that may never occur, the petition is not ripe for this court's review. See Barapind v. Reno, 225 F.3d 1100, 1114-15 (9th Cir. 2000).

## CONCLUSION

Petitioner's amended petition (#4) is dismissed without prejudice.

DATED this 9 day of October, 2007.

/s/ Owen M. Panner
OWEN M. PANNER
U.S. DISTRICT JUDGE